Derek Nicodemus
California State Bar No. 346323
**NICODEMUS LAW GROUP**
8144 La Mesa Boulevard
La Mesa, California 91942
(619) 517-2200
derek@nicodemus.law
Attorney for Debtor

**United States Bankruptcy Court for the
Northern District of California, Santa Barbara Division**

In re Jamie Rio Martinez ) Bankruptcy Case No. 9:25-bk-11305-RC
AKA dba Rio Fire Management, )
    Debtor. ) Debtor's Opposition to Lender's Motion for
) Relief from Stay; Declaration; Exhibits;
) Proposed Order
) Date: November 18, 2025
) Time: 9:00 a.m.
) Place: Courtroom 201
_____) The Honorable Ronald A Clifford III

TO MOVANT AND THE COURT:

    Please take notice that, at the above-mentioned time, or as soon thereafter as the matter may be heard, in the above-entitled Court, the address of which is 1415 State Street, Santa Barbara, California 93101, Debtor will, and hereby does, Oppose the Movant's Motion for Relief from Stay on the grounds that Debtor has filed a Motion to convert this bankruptcy to a chapter 13 bankruptcy (Exhibit # 1) and has a proposed plan (Exhibit # 2) to both make up all his arrears he owes to Movant and to stay current in his mortgage payments over the next sixty months, which he is now able to do now that his financial situation has improved.

    A second reason for denying the Motion is that Movant specifically requested it in its Prayer which is at the close of internally-numbered P. 4 of its Motion, in which it prays for, "1. That the Motion be denied;" Undoubtedly its Counsel will argue that this is a mistake. Be this as it may, this is what Movant prayed for, Debtor wholeheartedly

agrees, and it cannot now Pray for precisely the opposite. Hence its Motion must "be denied" per its Prayer.

A third reason is that the Movant does not identify itself: on the first page of its form motion, it states, "**Movant:** Barclays Bank PLC, its successors and/or assignees;" but then on the bottom of internally-numbered P. 4, which is the last page of its Memorandum, its Counsel identifies herself as:

Shannon Doyle
Attorneys for Movant
U.S. Bank National Trust Association as Trustee of the LB-Ranch Series V Trust

These are two entirely different Movants. Its Counsel will almost certainly argue that she made a mistake, but that is no reason to let her off the hook as this is not a mere spelling error but instead is identifying two entirely different persons. By way of analogy, if the first page of the form motion said, "**Movant:** Fred Smith," but counsel identified herself on the last page of the Memorandum as "Attorney for Movant Bill Jones," it would be no answer to say that the Court should ignore the fact she identified two different persons because this is an issue of **<u>notice</u>**. For the Court to look the other way because it desires to favor Movant (whomever it might be) is not only a clear sign of bias, but would cause the Court to deny Debtor due process as he is entitled to notice as to who is the Movant. To be sure, the situation might be different if it was just a spelling mistake. For example, if the first page of the form motion said, "**Movant:** Fred Smith," but counsel identified herself on the last page of the Memorandum as "Attorney for Movant Fred Simth," she could very well argue that this was a mere typo. Not so here. These are two different companies and the second one is described at great length. So having failed to identify the Movant, and the requirement of identifying the Movant

Debtor's Opposition to the Motion for Relief from Stay    2

being a necessary element of due process, this Motion must "be denied" as Movant itself requests in numbered paragraph 1 of its Prayer.

    For each and all of the foregoing reasons, Debtor prays that the Motion for Relief from Stay be denied.

Respectfully submitted,

Date: November 4, 2025

      /s/ Derek Nicodemus
Derek Nicodemus, Attorney for Debtor

## Declaration of Debtor

I, Debtor Jamie Rio Martinez, hereby declare:

1. The facts stated below are personally known to me. If called as a witness, I could and would testify to the same under penalty of perjury.
2. I am over eighteen (18) years of age and am the Debtor heein.
3. This Declaration is in support of my Opposition to Movant's Motion for Relief from Stay.
4. My wife Padmini Anne Wye filed two Chapter 13 Bankruptcies earlier this year under the advice of a loan modification company that was trying to help negotiate a lower payment on our loan.
5. When I became aware of this, I learned that she needed to complete a large amount of documentation and schedules to comply with the bankruptcy rules.
6. So I searched for an attorney that could assist us and hired our current attorney and eventually retained Derek Nicodemus. Mr. Nicodemus filed a request for additional time to complete the schedules for us, but was only granted an additional week to complete all of the paperwork.  In working with Mr. Nicodemus to complete the schedules and plan, my income was not yet high enough to cover payments for the mortgage and my wife's Chapter 13 plan because I retired in 2022 with a decent nest egg for both of us after years of working as a construction superintendent. However, I was defrauded of much of it in an investment scheme and fell behind on our mortgage payments beginning in 2024.
7. I used a good portion of my retirement nest egg to sue the fraudsters and won two judgments, which are listed as assets in my schedules. Unfortunately, the judgements have not yet yielded any cash payments back to me yet, so I had to

come out of retirement in the spring of this year (2025) to start once again earning an income to pay our bills.

8. Most of my business as a construction superintendent has come from the Palisades fires in Los Angeles. However, the numerous delays in getting building permits has delayed my income significantly.

9. I have only recently started making enough of an income to pay our mortgage. In September, 2025, I earned approximately $10,000.00. In October, 2025, I earned nearly $20,000.00. I expect to make at least $15,000.00 in November, and my workload over the next couple years looks very promising.

10. After recently going over my finances with Mr. Nicodemus, I feel confident that I can now earn enough income to pay both our mortgage and the arrears so as to be caught up over the next sixty months.

11. As for the earlier bankruptcies, I was working with a non-attorney loan modification firm and had no idea what I was doing. Now that I have retained Counsel (and am once again earning a high monthly income), I will be able to complete all payments in my proposed chapter 13 plan over the next sixty months.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 4, 2025.

　　　　　　　　　　　　　　　　　　　　　　/s/ Jamie Rio Martinez
　　　　　　　　　　　　　　　　　　　　Jamie Rio Martinez, Debtor

Declaration of Debtor　　　　2

## Declaration of Counsel

I, Derek Nicodemus, declare:

1. The facts stated below are personally known to me. If called as a witness, I could and would testify to the same under penalty of perjury.

2. I am over eighteen (18) years of age and am representing Debtor in the matter of his Bankruptcy Petition.

3. This Declaration is in support of Debtor's Opposition to Movant's Motion for Relief from Stay.

4. I filed a Chapter 7 bankruptcy for Debtor in September, 2025 because I was not convinced yet that he would be earning enough income to cover his regular living expenses plus a plan payment. The main reason for filing the Chapter 7 was so that we could also file a forthcoming AP challenging the validity of the mortgage loan, which we still intend to do.

5. However, now that Debtor has returned to his construction work and his monthly income now averages $15,000 per month (as he explains in his attached Declration), I am convinced that he will be able to cover the plan payments in the proposed plan over the next sixty month. I also believe that the forthcoming AP will result in a significant reduction the loan amount and monthly payment for his mortgage.

6. For Padmini Anne Wye's most recent Chapter 13 bankruptcy, we did complete and file all of the necessary schedules and proposed plan, but because of the difficulty in ascertaining their income situation, they were filed one day late, which caused her Case No. 25-10770 to be dismissed a few days later. We intended to file a motion to vacate the dismissal ,but because their income was still not quite

Declaration of Counsel    1

documented enough, we decided that a Chapter 7 was more appropriate at the time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 4, 2025.

                                                  /s/ Derek Nicodemus
                                        Derek Nicodemus, Attorney for Debtor